J-A22027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GREENE COUNTRIE VILLAGE OWNER'S ASSOCIATION | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| VILLAGE OF EARLE'S LAKE CONDOMINIUM ASSOCIATION, HARVEY HENSLEY, NADINE HENSLEY, KYLE R. WILSON, AND ASHLEY L. WILSON, GREEN COUNTRIE VILLAGE OWNERS ASSOCIATION | : : : : : : : : : | No. 2903 EDA 2024 |
| APPEAL OF: HARVEY HENSLEY, NADINE HENSLEY, KYLE R. WILSON, AND ASHLEY L. WILSON | : : | |

Appeal from the Judgment Entered October 24, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2019-003716

BEFORE: LAZARUS, P.J., LANE, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY LAZARUS, P.J.:

**FILED NOVEMBER 20, 2025**

I join the result reached by the majority, I write separately, because I believe that the majority incorrectly concludes Appellants waived the breach component of their negligence argument by not sufficiently developing it. The majority is correct that Pa.R.A.P. 2119(a) requires an that appellant's argument include "such discussion and citation of authorities as are deemed

_____

[*] Former Justice specially assigned to the Superior Court.

pertinent." Pa.R.A.P. 2119(a). Our courts have expounded on this requirement by delineating that "[w]hen issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Commonwealth v. Taylor*, 227 A.3d 577, 591 (Pa. Super. 2022) (citing *Commonwealth v. Maris*, 529 A.2d 1014, 1017 (Pa. 1993)).

Here, while Appellants' briefing on its breach of duty argument did not include a citation to case law, it does reference the common law tort doctrine of *res ipsa loquitur*, cite to a relevant expert report from trial, and aver that the Appellees' alleged failure to maintain the dam and lake for over twenty years was a breach of the alleged duty they owed. Accordingly, while not robustly developed, Appellants' argument is coherent and cognizable such that we were not prevented from conducting "meaningful appellate review[,]" and, therefore, I disagree with the Majority's conclusion that Appellants' argument was waived. *Commonwealth v. Wright*, 314 A.3d 515, 535 (Pa. Super. 2024).

That said, I agree with the result the majority reaches because I do not believe the Appellees breached any duty owed to the Appellants. "Dam owners are duty-bound to monitor, operate[,] and maintain the facility in a safe condition." *Shamnoski v. PG Energy, Div. of Southern Union Co.*, (Pa. 2004) (citing 32 P.S. § 691.13(a)(1)). To whatever extent the Appellees owed the homeowners a duty to maintain the dam in a safe condition, I would conclude that the trial court correctly found they did so, and I do not believe

that duty required the Appellees to maintain the dam and lake such that the lake would always be there for the enjoyment of the homeowners.

Accordingly, I concur.